George F. Allen  SBN 145357
1903 21st Street
Sacramento, CA 95811
916-444-8765
*looga@looga.com*

Attorney for Plaintiff Marcell Hearne

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALFORNIA

| | |
|---|---|
| MARCELL HEARNE,<br><br>        Plaintiff,<br><br>vs.<br><br>BRAVO SECURITY SERVICES, INC.;<br>FURQAN KHALIQ, NUMAAN KHALIQ,<br>DOES 1 to 50,<br><br>        Defendant | Case No.:<br><br>COMPLAINT<br><br>1. Fair Labor Standards Act<br>2. Labor Code § 1194<br>3. Labor Code § 210<br>4. Labor Code § 226(a)<br>5. Labor Code § 98.6<br>6. Labor Code § 1102.5<br>7. Labor Code § 226(b)<br>8. Bus. & Prof. Code § 17200 |

Plaintiff Marcell Hearne is informed and believes, and based on that information and belief, alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is an adult citizen of California, and a resident of Sacramento County. Defendant BRAVO SECURITY SERVICES, INC., ("BRAVO") is a California corporation doing business in Sacramento County. Defendant FURQAN KHALIQ is the CEO of BRAVO. Defendant NUMAAN KHALIQ is the CFO of BRAVO.

2. This Court has jurisdiction over the First Cause of Action under 28 U.S.C. § 1331, as the cause of action arises under a Federal Statute. This Court has supplemental jurisdiction over the remaining causes of action under 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events complained of occurred in this District.

## GENERAL ALLEGATIONS

4. At all relevant times Plaintiff was an employee of Defendant BRAVO, providing services as a security guard.

5. The true names and capacities of Defendants DOES 1 through 50 are unknown to Plaintiff, who, therefore, sues these DOES by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

6. At all times described in this Complaint, and in all the matters alleged, Defendants, and each of them, were the agents or employees of each of the remaining Defendants, and were at all times acting within the scope of that agency or employment, and each Defendant has ratified the acts of his/her/its co-Defendants.

7. As further alleged *infra*, Defendants have refused to provide Plaintiff with his payroll records, in violation of California law. The lack of that information impedes Plaintiff's ability to accurately and completely allege all appropriate claims in this Complaint. Plaintiff reserves all rights to amend this Complaint if and as needed upon receipt of his payroll information.

8. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered loss of income, general damages, and other foreseeable damages.

   //

**FIRST CAUSE OF ACTION**
**(Unpaid Overtime, Fair Labor Standards Act)**
**(Defendant BRAVO only)**

9.  Plaintiff incorporates the allegations of paragraphs 1 through 8 as if fully set forth in this cause of action.

10. Plaintiff regularly worked over 40 hours per workweek in his employment with BRAVO.

11. The Fair Labor Standards Act ("FLSA"), 29 USC § 207(a)(1), requires BRAVO to timely pay Plaintiff at not less than 1.5 times his normal hourly rate for hours worked over 40 in a workweek.

12. BRAVO knowingly and willfully failed to comply with the FLSA requirement for timely payment of the overtime wage. Rather, BRAVO paid Plaintiff for overtime hours at his standard hourly rate.

13. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**SECOND CAUSE OF ACTION**
**(Unpaid Overtime, Cal. Labor Code)**
**(Against All Defendants)**

14. Plaintiff incorporates the allegations of paragraphs 1 through 8 as if fully set forth in this cause of action.

15. California Labor Code §§ 510, 1194, 1198, and Wage Order 4 require BRAVO to timely pay Plaintiff at not less than 1.5 times his normal hourly rate for hours worked over 8 in a day, and at not less than 2.0 times his normal hourly rate for hours worked over 12 in a day.

16. Plaintiff regularly worked over 8 hours per day, and sometimes worked over 12 hours per day,  in his employment with BRAVO.

17. BRAVO knowingly and willfully failed to comply with the requirement for timely payment of the overtime wage. Rather, BRAVO paid Plaintiff for overtime hours at his standard hourly rate.

18. Defendant BRAVO is liable for this violation as Plaintiff's employer. Defendants FURQAN KHALIQ and NUUMAN KHALIQ are personally liable to Plaintiff for this violation as "person[s] acting on behalf of an employer" within the meaning of Cal. Labor Code § 558.1.

19. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**THIRD CAUSE OF ACTION**
**(Untimely Payment of Wages – Labor Code § 210)**
**(Defendant BRAVO only)**

20. Plaintiff incorporates the allegations of paragraphs 1 through 19 as if fully set forth in this cause of action.

21. California Labor Code § 210 requires employers to timely pay all wages due to employees.

22. Defendant BRAVO failed to timely pay Plaintiff the overtime wages due to him. BRAVO's failure was knowing and willful.

23. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**FOURTH CAUSE OF ACTION**
**(Inaccurate Pay Stubs, Cal. Labor Code § 226(a))**
**(Against All Defendants)**

24. Plaintiff incorporates the allegations of paragraphs 1 through 19 as if fully set forth in this cause of action.

25. Defendants' practice was to pay Plaintiff partly in cash, and partly via payroll check. The pay stubs provided to Plaintiff list only the compensation paid via check and do not account for the cash payment. Defendants falsified the "hours worked" section of the paycheck to list only those hours for which Defendants paid via check. The paystubs do not show the actual hours worked per pay period nor the hourly rates for all hours worked

26. California Labor Code § 226 requires Defendants to provide Plaintiff, at each payday, with an itemized statement accurately stating, *inter alia*, the hourly rate(s) paid and the number of hours worked at each rate.

27. Defendants failed to provide Plaintiff with accurate and compliant pay statements.

28. As a proximate result of Defendants' failure, Plaintiff was unable to accurately determine from his pay statements the number of hours actually worked and the amount of compensation to which he was actually entitled. Per Labor Code §226(e)(2)(B), Plaintiff is statutorily deemed to suffer a compensable injury through the omission of this information.

29. Under the laws of the State of California, including, without limitation, Labor Code § 226, Plaintiff is entitled to a penalty of $50 for the first inaccurate pay statement, and $100 for each subsequent pay statement, or actual damages incurred, whichever is greater.

30. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**FIFTH CAUSE OF ACTION**
**(Retaliation – Labor Code § 98.6)**
**(Against Defendant Bravo Only)**

31. Plaintiff incorporates the allegations of paragraphs 1 through 30 as if fully set forth in this cause of action.

32.  Plaintiff began to suspect that Defendants' payroll practices were not in compliance with the law. In January, 2022, Plaintiff met with Defendant BRAVO and its owners/managers and requested to be properly compensated for his overtime.

33. Defendants retaliated against Plaintiff by reducing his working hours and eliminating his overtime hours, causing financial injury to Plaintiff.

34. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**SIXTH CAUSE OF ACTION**
**(Retaliation – Labor Code § 1102.5)**
**(Against All Defendants)**

35. Plaintiff incorporates the allegations of paragraphs 1 through 34 as if fully set forth in this cause of action.

COMPLAINT
5

36. Cal. Labor Code § 1102.5 prohibits an employer, and any person acting on behalf of the employer, from retaliating against an employee because the employee disclosed information, or the employer believes the employee may disclose information, to their employer or to any government agency, about an apparent violation of the law.

37. Plaintiff's January, 2022 meeting with Defendants was a disclosure to Defendants regarding an apparent violation of the law, and also caused Defendants to believe that Plaintiff may disclose information to a government agency, namely the California Labor Commissioner.

38. Defendants retaliated against Plaintiff by reducing his working hours and eliminating his overtime hours, causing Plaintiff loss of income and emotional distress.

39. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**SEVENTH CAUSE OF ACTION**
**(Failure to Provide Payroll Records – Labor Code § 226(b))**
**(Against All Defendants)**

40. Plaintiff incorporates the allegations of paragraphs 1 through 8 as if fully set forth in this cause of action.

41. Labor Code § 226(c) requires an employer to provide an employee a copy of their payroll records within 21 days of request.

42. Plaintiff requested a copy of his payroll records from BRAVO.

43. BRAVO failed to provide Plaintiff a copy of his payroll records.

44. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**EIGHTH CAUSE OF ACTION**
**(Bus. & Prof. Code § 17200)**
**(Against All Defendants)**

45. Plaintiff incorporates the allegations of paragraphs 1 through 30 as if fully set forth in this cause of action.

46. Plaintiff is informed and believes that Defendants did not report the cash payroll payments to any government agency.

47. By failing to report the cash payroll payments to State and Federal government agencies, Defendants avoided financial payments they were legally required to make to benefit Plaintiff, including, without limitation, employer's contribution to Social Security, Medicare, Federal and State Unemployment Insurance, and State Employment Training Tax.

48. California's Unfair Competition Law, Bus. & Prof. Code § 17200, et. seq., prohibits unlawful business practices and authorizes injunctive and equitable relief to correct illegal practices.

49. Wherefore, Plaintiff prays for relief as requested in this Complaint.

**WHEREFORE,** Plaintiff prays for trial by jury on all causes of action and the following specific relief:

1. For the First Cause of Action, payment of all overtime wages unpaid to Plaintiff, liquidated damages in an amount equal to all untimely paid overtime wages, and attorney fees and costs pursuant to statute.

2. For the Second Cause of Action, payment of all overtime wages unpaid to Plaintiff, and attorney fees and costs pursuant to statute.

3. For the Third Cause of Action, a penalty of $200 for each failure to pay on time, plus 25% of the amount untimely paid, and costs pursuant to statute.

4. For the Fourth Cause of Action, a penalty of $50 for the first inaccurate pay statement and $100 for each subsequent inaccurate pay statement, and attorney fees and costs pursuant to statute.

5. For the Fifth Cause of Action, all wages lost due to retaliation, plus a $10,000 penalty as provided by statute, and costs pursuant to statute.

6. For the Sixth Cause of Action, all economic and general damages suffered due to retaliation, and attorney fees and costs pursuant to statute.

COMPLAINT

7

7.  For the Seventh Cause of Action, a $750 penalty as provided by statute, and costs pursuant to statute.

8.  For the Eighth Cause of Action, an accounting of all cash payroll payments made to Plaintiff, injunctive relief requiring Defendants to make all employer-funded payments to Federal and State governments based on the cash paid to Plaintiff, injunctive relief requiring Defendants to cease making cash payments to employees without making the accompanying required payments to Federal and State governments, injunctive relief requiring Defendants to pay all employees at the legally required overtime rates, and costs pursuant to statute.

9.  Such additional relief as is just and equitable.

Respectfully Submitted,

Dated: March 22, 2022                    /s/ George F. Allen
                                         George F. Allen,
                                         Attorney for Plaintiff
                                         MARCELL HEARNE